IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT ALAN MCKEE, | * | |
| Petitioner, | * | |
| | * | CIVIL NO.:    WDQ-09-3148 |
| v. | | CRIMINAL NO.: WDQ-08-0419 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Robert Allen McKee pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). On November 21, 2008, he was sentenced to 37 months imprisonment, a life term of supervised release, and a $100 special assessment. Pending are McKee's *pro se* motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and to supplement that motion. The Court has determined that no hearing is necessary. For the following reasons, the motions will be denied.

I. Background

The following facts were agreed to by McKee and included as Exhibit A to his September 5, 2008 Plea Agreement. Paper No. 5, Ex. A. From 2004 to January 2008, McKee obtained child

pornography through the internet[1] and by mail.  *Id*.  On January 31, 2008, officers with the Washington County Sheriff's Department searched McKee's residence pursuant to a valid warrant and discovered computer printed images of child pornography.  *Id*.  Forensic analysis of the computer and printed images seized from McKee's residence revealed over 10 but less than 150 images of child pornography, including images of prepubescent children.[2]  *Id*.  McKee's journal entries reflect that he printed the pictures, looked at them, and read sexually explicit stories involving children.  *Id*.

On September 5, 2008, McKee entered into a Plea Agreement, Paper No. 5, and pled guilty to possession of material depicting minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B), Paper No. 12.  McKee's Total Offense Level was 21 with a sentencing range of 37 to 46 months,[3] but, under Fed. R. Crim. P. 11(c)(1)(C), the Government agreed to a sentencing range of 37 to 41 months.  Sentencing Hr'g Tr. 2:25-3:2, 5:8-14, Nov. 21, 2008.  On November 21, 2008, the Court sentenced McKee to 37 months imprisonment, a life term of

---

[1]  McKee had downloaded several of the images from internet sites outside of Maryland.  Paper No. 5, Ex. A.

[2]  Several images depicted victims listed in the Child Recognition and Identification System database of the National Center for Missing and Exploited Children.  *Id*.

[3]  Because McKee had no prior convictions, he was within Criminal History Category I.

supervised release, and a $100 special assessment. Paper No. 16. McKee did not file an appeal.

On November 20, 2009, McKee filed a "Petition Request for Postconviction Relief," Paper No. 17, which the Court construed as a petition pursuant to 28 U.S.C. § 2255, Paper No. 18. On January 4, 2010, McKee filed a formal motion to vacate, set aside, or correct his sentence under § 2255. Paper No. 19. On January 25, 2010, McKee moved to supplement his § 2255 motion. Paper No. 21.

II. Analysis

McKee argues that: (1) he received ineffective assistance of counsel, (2) the Court failed to properly apply the Sentencing Guidelines, (3) the Court did not properly consider the sentencing factors in 18 U.S.C. § 3553, and (4) he is receiving inadequate medical, dental, and mental health treatment during his incarceration.

    A.    Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, McKee must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id*. at 687. To show deficient performance, McKee must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness."

3

*Id*. at 688. To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances. *Id.* at 688. Because "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence," the court's review of counsel's performance must be "highly deferential." *Id*. There is a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 689.

At the sentencing, McKee's attorneys argued for a sentence at the low end of the 37 to 41 month stipulated guideline range--emphasizing that McKee had accepted responsibility and entered counseling to address his mental health issues--and collected 42 letters of support from community members. Paper No. 14 at 4-5. McKee argues that his attorneys[4] also should have presented to him and the Court an article by Troy Stabenow,[5] which attacks the

---

[4] McKee was represented by Timothy Francis Maloney and Jason L. Levine.

[5] "Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines" (January 1, 2009), *available at* http://www.fd.org/pdf_lib/child%20porn%20july%20revision.pdf. *See* Paper No. 19 at 8B; Paper No. 17 at

4

"methodological" problems with the Sentencing Guideline's calculation of the appropriate range for child pornography offenses (the "Stabenow Article"). Paper No. 19 at 8B.[6]

That a court "*may* impose below-guideline sentences for child pornography offenses solely based upon policy disagreements with those guidelines . . . does not entail that they *must* do so." *United States v. Mikowski*, 332 Fed. Appx. 250, 256 (6th Cir. 2009)(emphasis in original). Accordingly, despite criticism of the child pornography Guidelines, many courts still sentence within them. *See United States v. Huffstatler*, 571 F.3d 620, 623 (7th Cir. 2009)("[W]hile the district courts perhaps have the freedom to sentence below the child-pornography guidelines . . . they are certainly not required to do so.").

McKee's counsel argued for the lowest sentence within the agreed-upon guidelines range. Generally, the court will not "second guess" a tactical decision of counsel unless that decision was so unreasonable that it fell outside "the range of competence demanded of attorneys in criminal cases." *Goodson v.*

---

7. Previous versions of this article were published in May and June 2008.

[6] In his reply, McKee also argues that his counsel were ineffective because they did not discuss with him the sentencing factors listed in 18 U.S.C. § 3553. Paper No. 23 at 1-2. McKee has not explained why his decision to plead would have been different had he discussed these factors with counsel.

*United States*, 564 F.2d 1071, 1072 (4th Cir. 1977) (*quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Here, the Court will not criticize counsel's reasonable tactical decision not to attack the child pornography Guidelines. Having failed to show that his attorneys' performance was deficient, McKee has not established ineffective assistance of counsel.

    B.    Improper Application of the Sentencing Guidelines

McKee next argues that the Court erred by deferring to the Guidelines' empirically unsupported sentencing recommendation and applying the two-level upward adjustment for use of a computer under U.S.S.G. § 2G2.2(b)(6).[7] Paper No. 19 at 8A.

Although the Sentencing Guidelines are not mandatory, they are advisory and *must* be considered during sentencing. *See* 18 U.S.C. § 3553(a)(4); *Kimbrough v. United States*, 552 U.S. 85, 90-91 (2007). Under U.S.S.G. § 2G2.2(b)(6), a two-level upward adjustment is required when the defendant used "a computer or an interactive computer service for the possession . . . of the [child pornography] material, or for accessing with intent to view the material." This adjustment does not require that the computer be used in the distribution or display of images.

---

[7] McKee argues that the two-level upward adjustment is only appropriate when the computer use (1) facilitated widespread distribution, or (2) increased the likelihood that children would be exposed to the images. Paper No. 17 at 4; Paper No. 19 at 8A. Arguing that neither factor was present in his case, McKee believes that application of the two-level upward adjustment was improper.

6

Here, the stipulated facts in the plea agreement show that McKee used a computer to obtain and store images of child pornography; thus, the Court properly adjusted the Guidelines range upward.[8]

C. Inadequate Consideration of 18 U.S.C. § 3553 Factors

McKee contends that the Court did not appropriately consider all of the sentencing factors in 18 U.S.C. § 3553(a). Specifically, he argues that (1) his sentence of 37 months incarceration was greater than necessary to achieve the purposes of § 3553(a), (2) his life term of supervised release provides adequate protection to the public, (3) his age[9] makes him less likely to reoffend; and (4) his early release would allow him to provide care to his elderly mother and financial support to his former ward, Tiffany Childers. Paper No. 17 at 4-6; Paper No. 19 at 8A-8B.

Because the Court did not explicitly state its consideration of each of the §3553 factors, McKee assumes that the sentencing factors were not appropriately considered. But, although the sentencing court must consider the § 3553(a)

---

[8] Not every error can be raised on collateral attack under § 2255. *Davis v. United States*, 417 U.S. 333, 346 (1974). The claimed error must be "a fundamental defect which inherently results in a complete miscarriage of justice" or "present[] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). When there are no exceptional circumstances, and the errors alleged are not of constitutional magnitude, relief is not available under § 2255.

[9] McKee is 60 years old. Paper No. 19 at 8B.

7

factors, it need not explicitly reference the statute or discuss the factors on the record. *See United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006). At sentencing, the Court had adequate information to evaluate each of the § 3553 factors[10] and explained that McKee's "community service deserves some recognition along with the abhorrence [felt] . . . for the nature of the offense." Sentencing Hr'g Tr. 11:3-5. The Court made the required individualized assessment of the history and characteristics of the defendant, did not merely presume the reasonableness of a guideline sentence, and imposed a sentence that reflected the seriousness of his offense.[11] *See* 18 U.S.C. 3553(a)(2)(A).

---

[10] In the Presentence Memorandum, McKee explained his record of community involvement, role as caregiver to his elderly mother, and desire to seek mental health treatment. Paper No. 14 at 2-4. At sentencing, McKee's brother, John Edward McKee, testified that Robert McKee was "not an evil person," "was a good son," "provid[ed] every day care to his mother," and "ha[d] always been supportive" of the family. Sentencing Hr'g Tr. 7:10-8:2, Nov. 21, 2008. Referencing the § 3553 factors, McKee's counsel further argued that he had "made extraordinary contributions to his community," "accepted responsibility for his actions," and would be "62 or 63 . . . before he [got] out of jail." *Id*. 8:18-9:4. The Court also acknowledged that it had read the letters of support written on behalf of McKee. *Id*. 6:21.

[11] McKee filed a motion to supplement his § 2255 with an article from the New York Times by Charles M. Blow, entitled "Getting Smart on Crime." Paper No. 21. Although this article was reviewed, it did not aid the Court in deciding his pending motions.

D. Inadequate Health Treatment during Incarceration

McKee argues that he has received inadequate access to mental health treatment and counseling, dental and eye care, and prescription medication at the Fort Dix Federal Correctional Institution. Paper No. 17 at 1-2; Paper No. 19 at 8A. "Complaints about the conditions of his confinement concern the execution rather than the imposition of his sentence." *United States v. Savage*, 889 F.2d 1089, 1089 (6th Cir. 1989). "Section 2255 . . . does not grant jurisdiction over a post-conviction claim attacking the execution, rather than the imposition or illegality of the sentence." *United States v. DiRusso*, 535 F.2d 673, 674 (1st Cir. 1976); *see also Costner v. United States*, 180 F.2d 892, 892 (4th Cir. 1950). Accordingly, this Court lacks jurisdiction over McKee's alleged inadequate medical treatment at the Federal Correctional Institution in Fort Dix under § 2255.[12]

E. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the Court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial

---

[12] *See Savage*, 889 F.2d at 1089 ("[T]o the extent Savage alleged inadequate medical care in his motion . . . pursuant to 28 U.S.C. § 2255, the district court lacked jurisdiction over [those] claims").

9

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because McKee has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, McKee's motion to vacate, set aside, or correct and his motion to supplement that motion will be denied.


April 20, 2010                        _____/s/_____
Date                                   William D. Quarles, Jr.
                                           United States District Judge